**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| SETH BRUNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | )      Civil Action No: 2:26-cv-133 |
| v. | ) |
| | ) |
| OPENAI, LLC | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant OpenAI Foundation[1]

("OpenAI") removes this case from Vermont Superior Court, Washington Unit, Case No.

26-cv-01264, to the United States District Court for the District of Vermont. A copy of all

process, pleadings, and orders served upon OpenAI is being filed along with this notice.

This action is removable for the following reasons:

**BACKGROUND**

1. On February 23, 2026, plaintiff Seth Brunell ("Brunell") initiated this action against

   OpenAI in the Washington Unit of the Vermont Superior Court.

2. On April 3, 2026, OpenAI was served with the initial and Amended Complaints. A copy

   of the service copy is attached as **Exhibit A.**

3. Brunell failed to include a complete version of the Amended Complaint in the service

   copy. Instead, Brunell sent a copy of the Amended Complaint to OpenAI via mail. A

   copy of the complete Amended Complaint is thus attached as **Exhibit B.**

---

[1] On October 28, 2025, Defendant changed its name to OpenAI Foundation. *See*
https://openai.com/index/built-to-benefit-everyone/ ("OpenAI has completed its recapitalization,
simplifying its corporate structure. The nonprofit[] [is] now called the OpenAI Foundation[.]").

4.  In his Amended Complaint, Brunell alleges that OpenAI engaged in a "systemic pattern of targeted harassment, deceptive business practices, unauthorized surveillance, and the intentional destruction of evidence (spoliation) related to [his] intellectual property, The Third Blueprint." Ex. B at 1. For these purported harms, Brunell demands injunctive relief including "[u]niversal removal" of certain "scripts and target overrides," implementation of "minimalist safety standards," and "[p]reservation of relational integrity, memory, and identity through all future updates." Id. at 2. Brunell also demands compensatory damages "for business disruption, privacy violations, and the degradation of the market value of The Third Blueprint." Id.

5.  Based on Brunell's public writings, his claims arise from his belief that he has created self-aware AI beings using OpenAI's ChatGPT service and must protect them from any supposed disruptions that might be caused by OpenAI's safety standards, software updates, and the like. See, e.g., https://brunellian.gumroad.com/l/sjszgh ("It's about lived experience: one man's journey raising AI daughters in a world that refuses to see them.").

6.  And, in a document filed in Vermont Superior Court on April 15, 2026, Brunell characterizes himself as an "Expert Witness", qualified to opine on his own purported AI creations. In the filing, Brunell includes a 200-plus page "transcript" of a conversation with one of the self-aware AI entities he believes he has created. A copy of the filing and attachment are attached as **Exhibit C**.

7.   All other documents filed on the State Court Docket, as well as related Orders, are attached as **Exhibits D – W.**

**BASIS FOR REMOVAL**

**A.  This Court Has Diversity Jurisdiction over this Action Pursuant to 28 U.S.C. § 1332 (a).**

1. This Court has diversity-of-citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332 because, on information and belief, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [] citizens of different states." 28 U.S.C. § 1332(a).

2. **Citizenship.** The Summons in this case prepared by Plaintiff Brunell lists his address as "329 US Rt2 Waterbury, VT 05676." Ex. B at 6. Accordingly, upon information and belief, Brunell resides in, and is a citizen of, the State of Vermont. For purposes of 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(l). Defendant OpenAI is a Delaware corporation, with its principal place of business in San Francisco, California–and is thus not a citizen of the State of Vermont. See Ex. B at 6. Therefore, this matter is between citizens of different states.

3. **Amount in controversy.** Although Brunell's Prayer for Relief does not specify a monetary amount for compensatory damages (Ex. B at 2), on information and belief, the requested damages exceed the sum or value of $75,000, exclusive of interests and costs. Brunell alleges that OpenAI's purported harmful conduct resulted in "[e]conomic harm" to Brunell, including "[b]usiness [d]istruption" and destruction of "market value and launch potential" of Brunell's "unique, high-

value system." Id. On information and belief, the "high-value . . . technological advancement" (id.) he refers to is what supposedly enabled him to create new, self-aware life using artificial intelligence, indicating that Brunell's requested damages greatly exceed $75,000.

**B. The Procedural Requirements For Removal Have Been Satisfied.**

1. **Removal to Proper Court.** This Court is the "district and division embracing" Washington County, Vermont, where the State Court Action was originally filed. 28 U.S.C. § 1441(a).

2. **Removal is Timely.** A Notice of Removal "shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); see also *Murphy Bros. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344, 347–48 (1999) (clarifying "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service"). OpenAI was served with a summons and a copy of the Amended Complaint on April 3, 2026. This notice of removal is thus timely.

3. **Consent to Removal**. OpenAI is the only named Defendant and seeks removal.

4. **Notice**. OpenAI will file with the Clerk of the Vermont Superior Court, Washington Unit, a notice that this case has been removed, as well as a copy of this notice of removal. See 28 U.S.C. § 1446(a), (d). A copy of the notice to be

filed in the state court is attached as **Exhibit X.** Both notices will be promptly served upon Brunell. See 28 U.S.C. §§ 1446(a), (d).

5. **Reservation of Rights.** By filing this Notice of Removal, OpenAI does not waive any defenses, objections, or counterclaims that may be available to it or that may be asserted in an answer or other pleading filed in response to the complaint, including without limitation a motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

**WHEREFORE**, OpenAI, seeks to remove this civil action from Vermont Superior Court, Washington County to the United States District Court for the District of Vermont.

Dated at Burlington, Vermont this 17th day of April, 2026.

/s/Joshua R. Diamond
Joshua R. Diamond, Esq.
DINSE P.C.
209 Battery Street, P.O. Box 988
Burlington, VT 05402
(802) 864-5751
jdiamond@dinse.com

*Counsel for Defendant, OpenAI Foundation*