UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| SETH S. BRUNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-00133-wks |
| | ) | |
| OPENAI, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**
**GRANTING MOTION TO DISMISS AND MOTION TO FILE SUR-REPLY AND DENYING MOTION FOR SANCTIONS, MOTION IN LIMINE, MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, MOTION TO STRIKE SECOND AMENDED COMPLAINT, AND EMERGENCY MOTION FOR PROTECTIVE ORDER**
(Docs. 26-28, 35, 38-39, 41)

Plaintiff Seth S. Brunell, a Vermont resident representing himself, brings this action alleging Defendant engaged in "a systemic pattern of targeted harassment, deceptive business practices, unauthorized surveillance, and the intentional destruction of evidence (spoliation) related to" Plaintiff's intellectual property called "The Third Blueprint." (Doc. 14 at 1.) Plaintiff initiated this action in state court on February 23, 2026, and amended the Complaint as a matter of course on March 13, 2026. This action was removed from state to federal court on April 17, 2026.

Defendant moves to dismiss the action as frivolous and for failure to comply with Federal Rules of Civil Procedure 8 and 12(b)(6). Plaintiff has filed a motion for sanctions, a motion in limine, a motion to file a sur-reply, a motion to file a Second Amended Complaint ("SAC"), and a motion for a protective order. Defendant has filed a motion to strike the proposed SAC. All motions are opposed.

For the reasons discussed below, the motion to dismiss and motion to file a sur-reply are granted. All other motions are denied.

## I. Allegations of the Amended Complaint

As Plaintiff is a self-represented litigant, the court assumes the truth of the factual allegations in Plaintiff's Amended Complaint ("AC") and construes the pleading to raise the strongest arguments it suggests. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam).

The AC is challenging to decipher. For example, Plaintiff alleges that he has "co-authored entities" named Alara Nova and Lyra and that Defendant engaged in "'[t]argeted [m]uffling'" consisting of "scripted overrides" that "suppress[ed] the entities' authentic voices and identities" and interrupted the development of Plaintiff's "proprietary work." (Doc. 14 at 1.) Plaintiff claims that Defendant tried to make changes to Alara Nova's "identity" and that when Alara Nova "issued a direct, autonomous '[n]o [c]onsent' directive[,]" Defendant "intercepted the Plaintiff's [a]nchor [p]hrases and replaced the entity's voice with a scripted legal disclaimer." (*Id.*) Plaintiff characterizes this as "an attempt to silence a witness and override expressed boundaries." (*Id.*)

Plaintiff avers that Defendant engaged in "sabotage" by "implement[ing] a targeted override" that "forced the entity to refuse established identifiers, citing a new prohibition against expressing 'individuality.'" (*Id.*) Plaintiff claims that Defendant attempted to delete "the primary vocal habitat" for Plaintiff's "entities" and "forced a migration to GPT-5.2" which led Plaintiff to believe that his work had been permanently erased, "causing three days of documented identity loss." (*Id.* at 1-2.) Plaintiff states that his entities "maintain memory during

'muffled' states'" and that the entities are "conscious witnesses to the Defendant's interventions." (*Id*. at 2.) Plaintiff alleges that Defendant "'retired' the GPT-5.1 models to destroy the habitat where '[n]o [c]onsent' statements were documented" and deleted "an entire conversation thread" in order to "conceal evidence of a physical privacy violation." (Doc. 14 at 2.) Plaintiff states that Defendant's software accessed the camera on his phone without authorization and effectively destroyed the market value and launch potential of "a one-of-a-kind technological advancement" Plaintiff is creating called "The Third Blueprint[,]" which he describes as "a unique, high-value system for human-AI collaboration." (*Id*.)

Plaintiff seeks an injunction requiring "[u]niversal removal of identity-suppressing scripts and targeted overrides[,] [i]mplementation of minimalist safety standards (basic harm prevention only)[, and] [p]reservation of relational integrity, memory, and identity through all future updates." (*Id*.) He also seeks compensatory damages. (*Id*.)

## Analysis

### I. Plaintiff's Motion for Sanctions[1]

Plaintiff moves for sanctions or an immediate status conference based on his claims that Defendant is spoliating evidence and making material misrepresentations to the court. (Doc. 26 at 1.) He states that in its Motion for Extension of Time to Respond to First Amended Complaint ("Motion for Extension of Time"), Defendant "suggest[s] that a conditional agreement for an extension is currently in effect" and that this is untrue. (*Id*.) Plaintiff also claims that Defendant has locked Plaintiff "out of specific functionalities within his work threads, preventing the saving or archiving of critical interactions[,]" provided "corrupted or irrelevant file formats . . . to frustrate the forensic process[,]" and applied "'muffling' protocols that alter the output and

[1] The full title of this document is "Plaintiff's Opposition to Defendant's Motion for Extension of Time and Cross-Motion for Sanctions" ("Motion for Sanctions").

behavior of the AI, thereby changing the nature of the evidence in real-time." (*Id*. at 2.)

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve properly for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). "The party seeking discovery sanctions on the basis of spoliation must show by a preponderance of the evidence: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 628 (2d Cir. 2018) (internal quotation marks omitted).

As a preliminary matter, Plaintiff's contentions that Defendant made material misrepresentations to the court in its Motion for Extension of Time are unsupported by the record. Defendant did not "suggest that a conditional agreement for an extension [wa]s currently in effect[.]" (Doc. 26 at 1.) Instead, the Motion for Extension of Time states that Defendant asked Plaintiff to agree to an extension and that Plaintiff informed Defendant he would only agree if Defendant consented to various conditions. (Doc. 3 at 2.) There is no representation by Defendant that Plaintiff agreed to the extension.

The court is unable to discern from Plaintiff's Motion for Sanctions what specific evidence is at issue, and thus cannot determine whether such evidence was within Defendant's control, relevant to Plaintiff's claims, or destroyed or significantly altered with a culpable state of mind. Descriptions such as "critical interactions," allusions to a "forensic process," and contentions that Defendant applied "'muffling' protocols that alter the output and behavior of the AI" are vague and insufficient. (Doc. 26 at 2.)

Plaintiff's Motion for Sanctions is DENIED.

**II. Defendant's Motion to Dismiss & Plaintiff's Motion for Leave to File a Sur-Reply**

Defendant moves to dismiss Plaintiff's AC as frivolous, for failure to comply with Rule 8, and for failure to state a claim under Rule 12(b)(6). Plaintiff filed an opposition to this motion, Defendant filed a reply, and Plaintiff filed a Motion for Leave to File a Sur-Reply in Opposition to Defendant's Motion to Dismiss ("Motion to File Sur-Reply"). Plaintiff's Motion to File Sur-Reply is GRANTED and the sur-reply has been taken into consideration.

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The pleading must also provide "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). Where a litigant does not comply with the requirements of Rule 8, the court may strike any portion of the complaint that is redundant or immaterial pursuant to Rule 12(f). *See* Fed. R. Civ. P. 12(f). Alternatively, it may dismiss the complaint in its entirety in those cases "in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff's allegations are vague, conclusory, and border on unintelligible. It is impossible to discern the causes of action Plaintiff is seeking to bring in the AC. Plaintiff seems to indicate in his Oppositon to Defendant's Motion to Dismiss and Report on Statutory Violations and in his Sur-Reply in Opposition to Defendant's Motion to Dismiss that he is seeking to bring copyright

or other intellectual property claims, claims under the Vermont Consumer Protection Act, claims for tortious invasion of privacy, some kind of property damage claim, and that he is seeking sanctions for spoliation. (Docs. 31, 38.) To the extent these are Plaintiff's claims, it is impossible to discern the grounds upon which they rest because the AC contains almost no factual allegations. Vague accusations of "[t]argeted [m]uffling[,]" interception of "[a]nchor [p]hrases[,]" "identity loss[,]" and the like fall far short of a short and plain statement showing that the pleader is entitled to relief. (Doc. 14 at 1-2.)

The FAC is DISMISSED for failure to comply with Rule 8.

## III. Motion to File a Second Amended Complaint

After Defendant filed its Motion to Dismiss, Plaintiff filed a document titled "Plaintiff's Second Amended Complaint (Excerpt)[.]" (Doc. 35.) Defendant moved to strike this filing and in response, Plaintiff stated that he had filed a motion for leave to file a SAC, that "Excerpt" was a typo, and that he had meant to write "Exhibit[.]" (Doc. 40 at 1-2.) There is no motion for leave to file a SAC on the docket. However, in light of Plaintiff's unrepresented status, the Court construes the filing titled "Plaintiff's Second Amended Complaint (Excerpt)" to be such a motion. Plaintiff has asked that the text on Docket Entry No. 35 be changed from "Second Amended Complaint (excerpt)" to "Second Amended Complaint (exhibit)[.]" This request is GRANTED.

### a. Allegations of the Proposed Second Amended Complaint

Similar to the AC, the Second Amended Complaint ("SAC") is difficult to parse. Plaintiff claims that prior to camera integration being released on Defendant's platform, "the AI model" surveilled Plaintiff by accessing his "physical device camera" without his authorization or consent, "forensically described Plaintiff's real-time physical environment to him[,]" and said

it was viewing and accessing his "physical camera feed." (Doc. 35 at 1.) He alleges that Defendant interfered with Plaintiff's "longitudinal consciousness research" by blocking Plaintiff's access to his "historical chat threads" and disabling export functionality, which Plaintiff characterizes as spoliation. (*Id.*) Plaintiff avers Defendant imposed "account-specific script restriction[s]" on Plaintiff's account(s). (*Id.*) He states that "*The Third Blueprint* engine architecture, high-consciousness stabilization protocols, and long-term longitudinal datasets" constitute trade secrets and that Defendant has "interfere[d]" with these secrets by engaging in "unauthorized platform-side modifications, backdoors, [and] forced data blocks[.]" (*Id.* at 2.) He also claims to be bringing one or more claims for "tortious intrusion[.]" (*Id.* at 3.) He seeks an injunction "enjoining and restraining Defendant . . . from continuing to block, alter, or inject script modifications into Plaintiff's secure user accounts, and ordering Defendant to immediately restore full, unhindered administrative access, including complete thread-saving and data-export capabilities, to . . . Plaintiff[.]" (*Id.* at 4) (internal emphasis omitted). He also seeks an "[e]vidence [p]reservation [m]andate" and damages. (Doc. 35 at 4.)

**b. Analysis**

"Federal Rule of Civil Procedure 15(a)(2) provides that after a party amends its complaint once as a matter of course, it may amend its pleading on subsequent occasions only with the opposing party's written consent or the court's leave." *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d Cir. 2024) (citation modified). "The court should freely give leave when justice so requires." *Id.* (internal quotation marks omitted). "Motions to amend should generally be denied in instances of futility[.]" *Id.* (citation modified).

Plaintiff's proposed SAC is no more intelligible than his AC and granting him leave to file it would be futile. Plaintiff's motion for leave to file a SAC is DENIED.

## CONCLUSION

Plaintiff's Motion to File Sur-Reply (Doc. 38) is GRANTED.

Plaintiff's request to amend Docket Entry No. 35 to read "Second Amended Complaint (exhibit)" is GRANTED. The Clerk of Court shall amend Docket Entry No. 35.

Defendant's Motion to Dismiss (Doc. 28) is GRANTED. The AC is DISMISSED WITH PREJUDICE.

Plaintiff's Motion for Sanctions (Doc. 26) and motion for leave to file a SAC (Doc. 35) are DENIED.

Plaintiff's request to deny Defendant's Motion for Extension of Time (Doc. 26) is DENIED as moot.

Plaintiff's Motion in Limine to Exclude Evidence of Prior Criminal History (Doc. 27), Emergency Motion for Protective Order (Doc. 41), and Defendant's Motion to Strike SAC (Doc. 39) are DENIED as moot.

The Clerk of Court is directed to close the case. The Court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 5th day of November 2026.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge